IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

REGINALD D. BRADLEY                                                      PLAINTIFF

V.                                                                NO. 1:11CV092-A-S

BUTCH HOWARD, et. al                                        DEFENDANTS

## REPORT AND RECOMMENDATION

On August 25, 2011, the plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under 42 U.S.C. § 1983.

In his lengthy complaint, the plaintiff takes issue with nearly every aspect of prison life. Of his numerous complaints, allegations, and grievances, only three are relevant. Specifically, the plaintiff described three incidents which potentially state a claim for relief. First, one day while showering, defendants Stanford and Simon approached the plaintiff asking for his razor.[1] The plaintiff told the men he did not have a razor, a claim that was obviously not believed by the officers. According to the plaintiff, when he denied having a razor defendant Stanford sprayed him with mace. The plaintiff was not taken to medical but was instead instructed to wash off in the shower.

The second incident involved defendants Lester, Brooks and Farely. The plaintiff explained that he was in "lock down" and Lester ordered him not to talk through the vents.[2] The next morning Brooks and Farely ordered the plaintiff to pack his things because he was being moved. The plaintiff's responded, "you pack it." The plaintiff walked out of the cell and

---

[1] Apparently inmates may use a razor only while in the shower and are required to turn them in to security prior to leaving the area or within a certain period of time.

[2] Talking through the vents is a method the segregated inmates used to communicate with one another.

admittedly tried to get away from the officers. When he ran, Farley used a taser to subdue the plaintiff. The plaintiff stated that when he was hit with the electrical charge, he fell and hit his head. He suffered only a knot on his head as a result of the fall.

For the third event, the plaintiff alleged that while in "lock down" defendant Nolan was rushing him to return the food tray. The plaintiff who obviously did not comply with the order, stated he was not finished eating. The plaintiff admitted that the two of them exchanged words. Nolan then allegedly shot him through the cell door with a taser.

The plaintiff has named numerous other defendants as identified below.

## NO PERSONAL INVOLVEMENT

It is well settled that a state actor cannot be liable absent any personal involvement in the events which gave rise to the civil action. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009) (the doctrine of respondeat superior is not cognizable in 1983 actions). The plaintiff has failed to alleged defendants Butch Howard and Strictlin had any personal involvement with any facts giving rise to his numerous claims. Given the absence of any wrongdoing or personal involvement, the plaintiff has failed to state a claim against defendants Butch Howard and Strictlin. These defendants should be dismissed.

## VERBAL THREATS

It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983. *See Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993), *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Accordingly, Plaintiff's complaint concerning verbal threats or unprofessional conduct by a guard is not worthy of § 1983 relief. *See Taylor v. Milton*, No. 04-60569, 2005 WL 352637 at * 1, (5th Cir. Feb. 15, 2005) (no 1983 claim for damages where guards confiscated legal work at gunpoint, where prisoner did not allege a physical injury).

The plaintiff alleged that the following defendants merely threatened him, used profanity or he generally regarded them as unprofessional: defendant Pickens threatened the plaintiff;

defendant Jessie Brooks threatened the plaintiff; defendant Brown is accused of using profanity and having a negative attitude; defendant Lester threatened the plaintiff; and, defendant Drungo threatened the plaintiff. Interestingly, with each instance involving alleged threats, the plaintiff was being given direct orders to cease his disruptive of violative behavior. Defendants Pickens, Jessie Brooks, Brown, Lester and Drungo should be dismissed.

## EXCESSIVE FORCE

To establish liability on the part of defendants for excessive force, the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." S*ee Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993). Not every malevolent touch gives rise to a constitutional claim of excessive force; in fact, the Eighth Amendment prohibition against "'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (citations omitted). A *de minimis* use of force, however, is insufficient to state a cognizable Eighth Amendment claim. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. *Id. at* 700.

As discussed above*,* the plaintiff accused defendants Jeremy Brooks and Farley of using excessive force. He explained that the two officers came to move him out of lock down. The officers asked the plaintiff to pack up his things to which the plaintiff irreverently responded "you pack it." The plaintiff noticed that Farley had a taser and he, the plaintiff, was reluctant to leave his cell. The plaintiff admitted that once out of this cell he tried to "get away" from the officers. When the plaintiff ran, Farley fired the discharged the taser striking the plaintiff. According to the plaintiff, he fell and hit his head but did not have injuries.

For two reasons, the plaintiff's excessive force claim against defendants Jeremy Brooks and Farley must fail. First, the plaintiff admitted that he was trying to flee or avoid the officers.

3

As a result, the use of force applied was not done so sadistically or maliciously but, rather, attempting to gain compliance and restore order in the facility. Secondly, the plaintiff also admitted that he did not sustain any injury as a result of hit with the taser. The absence of an injury precludes a damages award. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*). Defendants Jeremy Brooks and Farley should, therefore, be dismissed.

## DENIAL OF FOOD TRAY

Apparently, the plaintiff and Braklin–along with most of the defendants–did not enjoy associating with one another. The plaintiff claimed that defendant Braklin failed to serve him meals while he was in lock down "a few times."

The Prison Litigation Reform Act provides in part, "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In the absence of any definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimis*, but need not be significant. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

Despite his assertions, the Plaintiff has not alleged any physical injury. A claim for damages is barred if no physical injury is alleged. *Jones v. Greniger*, 188 F.3d 322, 326 (5th Cir. 1999). Since the Plaintiff has not alleged even a *de minimis* injury, he has, therefore, failed to state claim of a constitutional nature. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). Moreover, the Plaintiff does not contend that he has been routinely or

regularly denied meals. Rather, "a few times" he was not served a meal. This appears to be an oversight or in legal terms simple negligence which is insufficient to state a claim for § 1983 relief. *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995) (negligent conduct is not actionable). Therefore, defendant Bracklin should be dismissed.

## ACCESS-TO-THE-COURTS

Next, the plaintiff claimed that defendant Trimble failed to send him legal material. As with most of his complaints, the plaintiff's allegations are vague and conclusory. This one is no different.

Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L. Ed. 2d 72 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994)). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted). However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992) (citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988)). It is only when a prisoner suffers some sort of actual prejudice or detriment because of the alleged denial of access to the courts that the allegation becomes one of a constitutional nature. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). A plaintiff must show real detriment, *i.e.*, true denial of access, such as the loss of a motion, the

loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

Here, has not stated a claim for denial of access-to-the-courts. Though he finds much to complain about, the plaintiff never identified any case or pending litigation in which he suffered any prejudice. He, in fact, admitted that he received some legal materials but was dissatisfied with the time it took to receive them and on at least one occasion he did no receive materials he requested. Again, the plaintiff, however, has not identified any real harm or prejudice as a result of these events. For these reasons, defendant Trimble should be dismissed.

## DENIAL OF MEDICAL TREATMENT

Finally, the plaintiff complained that defendant nurse McKay refused him medical treatment. He specifically claimed that while he was waiting to have some dental work performed, McKay would not give him any pain medication but instead gave him Tylenol and a mouth wash.

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk

of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Once again, the plaintiff has failed to state a claim. While he was not pleased with the treatment for pain, he did receive some over-the-counter medication. Plainly stated, he was not denied medical treatment. Rather, the plaintiff simply disagreed with the treatment provided. The allegations in this case simply do not support a claim for 1983 relief. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical services provided cannot support a 1983 claim). Therefore, the plaintiff's claim of denial of medical attention against defendant McKay should be dismissed.

## CONCLUSION

It is the recommendation of the undersigned, therefore, that the defendants Butch Howard, Strictlin, Billy Pickens, Jessie Brooks, Brown, C. Lester, Drungo, Jeremy Brooks, B. Farley, Bracklin, Trimble and McKay be dismissed. Remaining are two excessive force claims against defendants Barry Stanford, Simon and Noland.

## OBJECTIONS

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the

district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 30th day of August, 2011.

                                        /s/ David Sanders
                                        UNITED STATES MAGISTRATE JUDGE