IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

REGINALD BRADLEY, #N7192                                          PLAINTIFF

vs.                                           CIVIL ACTION NO.:  1:11cv92-SA-DAS

SHERIFF BUTCH HOWARD, ET AL.                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Reginald Bradley, a Mississippi prisoner proceeding pro se, brings a lawsuit pursuant to 42 U.S.C. § 1983 alleging that Defendants, Barry Stanford and Ernie Noland, Lowndes County Jail employees, violated his constitutional rights under the Eighth Amendment by using excessive force against him while he was an inmate at the Lowndes County Jail.[1] Defendants have moved for summary judgment, alleging that Plaintiff has failed to state facts necessary to support a claim of excessive force against either jailer, and that even if a claim has been stated, his injuries are not more than *de minimis*.  Having fully considered the submissions of the parties and the applicable law, the Court finds that Defendants' motion should be granted, for the reasons that follow.

### Summary Judgment Standard

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v.*

---

[1] Plaintiff alleged several other constitutional violations in his Complaint, but those claims were dismissed and the instant claim clarified after the Court held a hearing as set forth in *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (*See* doc. nos. 12 and 13).

*Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if "its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted); *Morris*, 144 F.3d at 380. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no proof is presented, however, the Court does not assume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## Excessive Force

When a correctional officers is accused of using excessive force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (*citing Hudson v. McMillan*, 503 U.S. 1, 7 (1992). To determine whether the use of force is constitutionally permissible, the Court considers (1) the extent of the injury; (2) the need for the application of force; (3) the relationship between the need and amount of force used; (4) the threat reasonably perceived by the defendants; and (5)

any efforts made to temper the severity of a forceful response. *Baldwin*, 137 F.3d at 839 (quotation marks omitted). While excessive force claims are decided "on the nature of the force rather than the extent of the injury," an inmate with "no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, ___ U.S. ___, 130 S. Ct. 1175, 1176, 1178 (2010). This is because the extent of the injury suffered indicates the amount of force applied, and *de minimis* uses of force do not violate the Eighth Amendment, provided that the use is not the type "repugnant to the conscience of mankind." *See id.* at 1178 (citation omitted). The inquiry of whether the applied force is constitutionally permissible is "judged by the context in which that force is deployed." *Baldwin*, 137 F.3d at 840 (citation omitted).

At the outset, the Court notes that Plaintiff has repeatedly requested that Defendants produce videotaped camera footage for the dates and jail areas relevant to his claims. The Court granted his request to view any relevant footage, to the extent any exists. Defendants have denied that any relevant footage exists, and have submitted the affidavit of the jail administrator at the Lowndes County Sheriff's Department stating so. (*See* Aff. of Billy Pickens, doc. entry no. 59-1).

### Use of O.C. Spray[2]

The first incident at issue in this case occurred on April 4, 2009, when Plaintiff was showering at the Lowndes County Jail. According to Plaintiff, Jailer Stanford entered the shower area along with another correctional officer and began accusing Plaintiff of failing to return his razor blade after a previous use. Plaintiff denied taking or otherwise having

---

[2] "O.C." is the abbreviation for Oleoresin Capsicum, which is a non-toxic spray derived from cayenne peppers. (*See* Mot. Summ. J. Ex. A-1).

possession of the missing blade. Plaintiff asserts that Jailer Stanford told him that he had to find the razor blade or go to lockdown. Plaintiff told Stanford that he did not have the razor and would not go to lockdown, and he called Stanford names and insulted him during an ensuing verbal altercation. (*See, e.g.*, Mot. Summ. J. Ex. B). Plaintiff states that Stanford pointed his can of O.C. spray at Plaintiff and told Plaintiff to get out of the shower. (*See, e.g.*, Compl. 21). When Plaintiff began to verbally respond to Stanford, Plaintiff states the Stanford sprayed O.C. spray in Plaintiff's mouth, face, and genital areas. (*See* Compl. 21; Mot. Summ. J. Ex. B). Plaintiff asserts that he was rushed out of the shower and taken to his cell, but that he was returned to the shower area around fifteen minutes later and allowed to wash off the spray before being taken to lockdown. (*See* Compl. 21; Mot. Summ. J. 26, 29-32). Plaintiff maintains that he filled out a sick call form related to the incident, but that he did not see a doctor. (*See id.* at 32-33). He claims that, as a result of the spraying, he could not breathe for a minute when the spray was administered, and that he had skin irritation for about five days. (*See id.* at 36-37).[3]

Defendant Stanford's version of the events is similar. Stanford maintains that he and another jailer were called to Plaintiff's pod at the jail because two inmates returned razors that were missing blades. One of the razors belonged to Plaintiff. (*See* Mot. Summ. J Ex. A). When the officers went to speak to Plaintiff, who was showering at the time, Plaintiff denied having the blade and began using "severe profanity" in response. (*See id.*). Stanford states that Plaintiff was ordered to get out of the shower so that the missing razor could be located. (*Id.*). Stanford

---

[3] The Court notes that Plaintiff filed a response to Defendants' motion for summary judgment that is not sworn and is, therefore, not competent summary judgment evidence. The Court also notes that in his response, Plaintiff attempts to add additional claims, defendants, and make requests for discovery that have already been denied.

states that Plaintiff refused to cooperate, and O.C. spray was administered to gain his compliance. (*Id.*). Stanford maintains that Plaintiff then became compliant and was temporarily returned to his cell, after which he was returned to the shower and allowed to wash the O.C. spray off of his body. (*Id.*). Stanford maintains that Plaintiff was not treated medically as a result of the incident and was put on lockdown for fifteen days because of his conduct. (*Id.*). Stanford maintains that the O.C. spray was used "for the limited purpose of gaining compliance" from Plaintiff due to his concern that Plaintiff had possession of or had hidden a razor blade, thereby creating a safety and security risk. (*Id.*). This account is corroborated in the incident report statements of Stanford and Jailer Simmons, who accompanied Stanford to the shower area that day. (*See* Mot. Summ. J. Ex. A-1).

Plaintiff has produced no medical records or release forms suggesting that he sought treatment for any alleged injury involving the O.C. spray, and the extent of the injury alleged was a skin irritation lasting between four or five days and trouble breathing when the spray was first administered. These type of mild and temporary injuries do not suggest a calculated intent to cause harm. *See, e.g., Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (finding plaintiff failed to state a valid claim for excessive force where injury of "sore, bruised ear lasting for three days - was *de minimis*"). Plaintiff concedes that he was argumentative and aggressive with Jailer Stanford, and the competent summary judgment evidence demonstrates that he did not immediately obey the order to step out of the shower so that the missing razor blade could be located. Plaintiff maintains that he was not a threat to Jailer Stanford, because he was naked and in the shower at the time of the incident. However, the Court must consider Plaintiff's noncompliant and aggressive behavior in response to a direct order, and Stanford's responsibility

to act "quickly and decisively" to maintain order in the jail. *Baldwin*, 137 F.3d at 840. The force used against Plaintiff is tempered by the fact that he was allowed to return to the shower and wash off the O.C. spray once it was determined he did not have possession of the missing razor blade. In light of all of the circumstances and liberally viewing the evidence in the list most favorable to Plaintiff, the Court finds that Plaintiff has failed to create a genuine issue of material fact as to whether Defendant Stanford's use of O.C. spray was maliciously and sadistically inflicted to cause harm. *See, e.g., Hudson*, 503 U.S. at 6. Defendant Stanford is entitled to summary judgment on this claim.

## Use of Taser

The second incident of excessive force alleged by Plaintiff is that Jailer Ernie Noland shot Plaintiff with a taser after a dispute over a food tray. Plaintiff maintains that he was in his cell on a suicide watch when Noland shot a taser into Plaintiff's cell and hit him. (*See* Compl. 11). At the *Spears* hearing held in this matter, Plaintiff maintained that he was shot with the taser after he refused to return the food tray to Noland, which he refused to do because he was not finished eating. In his deposition, Plaintiff maintained that the altercation occurred because Noland refused to give him a food tray. (*See* Mot. Summ. J. Ex. 6, 41-43). Regardless of the specific circumstance, Plaintiff states that he began using profanity toward Noland, and that the two exchanged heated words before Noland opened the cell door and shot him with the taser. (*Id.*). In his deposition testimony, Plaintiff stated that he did not ask for medical attention and was not physically hurt, though he did file a grievance about the incident. (*Id.* at 44, 46).[4]

---

[4] Plaintiff initially stated that the incident occurred on or about May 17, 2009, but later stated that he believed it occurred on or about October 23, 2009. (*See* Mot. Summ. J. Ex. 6, 45-56; Pl.'s Resp. to Mot. Summ. J.).

Defendant Noland maintains that he never used a taser against Plaintiff and denies Plaintiff's allegations. (*See* Mot. Summ. J. Ex. 7). Noland also states that he reviewed the file and did not see any documents referencing the event described in the Complaint. (*See id.*).

The Court notes that there is no incident report or grievance in Plaintiff's jail file that corresponds to Plaintiff's allegations. (*See* Mot. Summ. J. Ex. A-2). Regardless, and crediting Plaintiff's allegations about Noland's conduct as true, Plaintiff's allegations are insufficient to establish an excessive force claim against Noland. Plaintiff admits to being noncompliant and verbally aggressive during the alleged incident, and it would be reasonable to conclude that the use of some force was necessary given Plaintiff's behavior. Additionally, Plaintiff concedes that he did not request medical treatment or receive any sort of physical injury. While Plaintiff need not sustain serious injury to support a claim of excessive force, he must allege some injury to sustain his claim. *See Memphis Community School District v. Stachura*, 477 U.S. 299, 308 (1986) (holding that for § 1983 claim to be viable, plaintiff must allege an injury); *Brown v. Lippard*, 472 F.3d 384, 387 (5th Cir. 2006) (holding that excessive force claim cannot be supported in absence of injury).[5] Therefore, Defendant Noland is entitled to summary judgment on this claim.

## Conclusion

The Court finds that Defendant's motion for summary judgment [53] should be **GRANTED**, and this action be **DISMISSED WITH PREJUDICE**. All pending motions are

---

[5] There is an incident report in the records showing the use of a taser against Plaintiff on October 23, 2009, but the incident occurred when Plaintiff ran from officers attempting to transport him. Jailer Noland was not involved in the incident. A claim surrounding this incident was included in the initial Complaint but later dismissed. (*See* Report and Recommendation 3-4 [13]; Judgment [25]).

dismissed as moot. A final judgment in accordance with this opinion and order will issue this day.

**SO ORDERED** this the 25th day of September, 2012.

<u>/s/ Sharion Aycock</u>
**U.S. DISTRICT JUDGE**